# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES MATHEW LANDERS**　　　　　　　　　　　　　　　　　**PETITIONER**
**ADC #554474**

V.　　　　　　　　**CASE NO. 4:21-CV-385-BRW-BD**

**GARY M. ARNOLD**　　　　　　　　　　　　　　　　　　　　**RESPONDENT**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Billy Roy Wilson. Mr. Landers may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Landers does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

On May 10, 2021, James Mathew Landers filed a petition for writ of habeas corpus. (Doc. No. 2) Mr. Landers broadly claims that state and federal officials and judges corruptly conspire to manipulate criminal records in order "incriminate and incarcerate" American Citizens. (Doc. No. 2 at 1-5). Mr. Landers makes no assertions about his own criminal record, trial, or conviction. Instead, he attempts to demonstrate his

point by citing a salacious claim on behalf of inmate Ricky Ashley against Saline County Circuit Judge Gary Arnold. (Doc. No. 2 at 6-13)

### III. <u>Jurisdiction</u>:

There are several deficiencies with Mr. Landers's petition. The first is that he names the Honorable Gary Arnold as the respondent. The proper respondent is the state officer who has custody of the petitioner. Rule 2, Rules Governing § 2254 Cases in the United States District Courts; see also, 28 U.S.C. § 2242. In this case, Dexter Payne, Director of the Arkansas Division of Correction, is Mr. Landers's current custodian and, therefore, is the proper respondent.

Second, Mr. Landers's assertions are not the kind of allegations that support federal habeas corpus relief. A petition for writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489.

In *this* petition, Mr. Landers is not challenging the legality of his custody. The Supreme Court has not recognized habeas as an available avenue "where the relief sought would neither terminate custody, accelerate the future date of release from custody, nor reduce the level of custody." *Skinner v. Switzer*, 562 U.S. 521, 534 (2011). Accordingly, this Court lacks jurisdiction.

## IV.     Conclusion:

The Court recommends that Judge Wilson DISMISS, without prejudice, James Landers's petition for writ of habeas corpus (Doc. No. 2) for lack of jurisdiction. His motion to proceed *in forma pauperis* (Doc. No. 1) should be DENIED, as moot.

DATED this 12th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE